Maiga Products Corp., as Assignee of Noftell, Alexander, Respondent, 
against
State Farm Mutual Automobile Ins. Co., Appellant.




Rivkin Radler, LLP (Cheryl F. Korman and Stuart M. Bodoff of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered March 27, 2015. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). By order entered March 27, 2015, the Civil Court denied the motion, but found, in effect pursuant to CPLR 3212 (g), that defendant had established the timely and proper mailing of the EUO scheduling letters and the denial of claim forms, as well as plaintiff's failure to appear for the EUOs. The Civil Court further found that the only remaining issues for trial were plaintiff's prima facie case and "[defendant's] procedure for receipt of the bills in Georgia and processing and transmittal to and in [defendant's] Ballston Spa [office]." Defendant appeals, contending that it was entitled to summary judgment dismissing the complaint.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the ground that a provider had failed to appear for an EUO, an insurer must demonstrate, as a matter of law, that it had twice duly demanded an EUO from the provider, that the provider had [*2]twice failed to appear, and that the insurer had issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; Integrative Pain Medicine, P.C. v Praetorian Ins. Co., 53 Misc 3d 140[A], 2016 NY Slip Op 51520[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Plaintiff challenges the Civil Court's implicit CPLR 3212 (g) findings in favor of defendant. However, a review of the record establishes that the Civil Court correctly determined that defendant had established the timely and proper mailing of the EUO scheduling letters and the denial of claim forms, as well as plaintiff's failure to appear for the EUOs. As a result, the Civil Court should have granted defendant's motion for summary judgment. We note that defendant's transmittal of the claims from one of its offices to another of its offices does not raise a triable issue of fact.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 18, 2018